The next case in the call this morning is agenda number eight, case number 107-140. People of the state of Illinois, Appalee v. Joel Williams, Appalachia. Thank you, Mr. Chief Justice, and may it please the court, counsel. My name is Ryan Wilson. I'm an attorney with the Office of State Appellate Defender, appearing on behalf of Joel Williams, the appellant defendant. At issue in this case is the state's attorney's fee statute. That statute allows state's attorneys to recover some costs, and relevant to this case is the provision allowing state's attorneys to recover costs when they have successfully defended or prosecuted an appeal. I just want to give the court a brief background regarding the procedural history in this case. Mr. Williams was convicted of aggravated battery and domestic battery, and he was sentenced for both of those offenses. As part of his sentence, he received a two-year term of mandatory supervised release. On appeal, Mr. Williams challenged his convictions and his sentences, stating that as to the sentences, he received an excessive term of mandatory supervised release for the aggravated battery conviction, that being that the applicable statute only allowed for a one-year term of mandatory supervised release. Mr. Williams had been sentenced to a two-year term. The state's attorney appellate prosecutor was the party who handled the appeal on behalf of the state, and the state's attorney appellate prosecutor conceded the issue regarding the MSR, contested the issue regarding Mr. Williams' convictions, and petitioned the appellate court for a fee pursuant to the state's attorney's fee statute. The defendant, in his reply brief, objected to the imposition of the state's attorney's fee, while arguing that he had successfully reached a judgment in his favor, citing the state's concession to the mandatory supervised release term. The appellate court affirmed Mr. Williams' convictions, agreed with the state in defense regarding the MSR issue, and remanded his case to the circuit court so a new sentence and judgment order could be entered on Mr. Williams' behalf. The court also allowed the state's attorney a $50 fee for the prosecution and defense of this case because the convictions had been affirmed. The ultimate issue in this appeal is when exactly a state's attorney is entitled to a fee pursuant to the statute. And there's one very important provision that's going to kind of run a central thread through this argument, and that's something that both the state and the defense have agreed to in their briefs, and that is that provisions such as this allowing for the recovery of costs were unknown at the common law, and therefore they need to be strictly construed. This court in NRA WW examined this same statute and construed it in favor of the person to whom the fee was being charged. In that case, it was a minor. The court went on to say that statutes will not be extended further than what the language of the statute absolutely requires by its express terms or clear implication. So in this case, the defendant would say that he is deserving of no less treatment than the minor was in NRA WW, and the statute must be strictly construed in his favor. The plain language of the statute and the provision that we are discussing today specifically is where the statute says judgment is in favor of the accused, that being that the state's attorney is not entitled to a fee where judgment is in favor of the accused. The statute does not further define that phrase, and it's the defendant's position consistent with how the second district is held, that if the defendant receives any judgment in his favor, as Mr. Williams did in this case with receiving judgment on the mandatory supervised release issue, he has received a judgment in his favor. The fourth and the fifth districts have said that if a defendant receives only partial judgment on appeal, and therefore the state has received partial judgment, the state has received a judgment in its favor, and therefore the defendant is responsible for paying the stakes. Isn't it true, Mr. Wilson, that in the 31 years since Nichols was decided, the legislature has not changed the statutory language that we're construing in this case? That is correct. Why wouldn't stare decisis apply here, then? Well, again, Your Honor, it's kind of a strict interpretation of the statute. NRA WW did construe the same statute post-Nichols and said that a strict construction was required. Now, in that case, as the State has pointed out, it dealt with a minor, and the Court ultimately held that a minor, that the State couldn't recover costs against a minor. But in this case, due to the strict construction of the statute, and due to the fact that Mr. Williams did indeed receive relief in his favor, he has received a judgment in his favor, and therefore shouldn't have to pay the fee. Can we go back to Nichols for just a moment? Yes, sir. The plain language in Nichols, I'll try to reduce it. Unless judgment in that case is entitled, entered in favor of the accused, the appeal fee will be taxed as cost against the defendant, even if convictions as to one or more counts, but not as to all counts, are reversed on appeal. Yes, Your Honor. If that language is applied, wouldn't there be counts that have been decided in the favor of the State that would justify the State's attorney's fee under this case? If Nichols is the case that the Court finds is absolutely done by, I would agree with that. The issue with Nichols, again, though, is it didn't address the strict construction language of the statute, or the strict construction element. If we rule in your favor on this case? Yes, sir. Should we overturn Nichols? On that issue, I would say that Nichols at least needs to be clarified. Nichols, or at least I should say that provision of Nichols, yes, you would have to overrule that provision of Nichols, allowing for the requirement that a defendant pay the fee where essentially the appeal has been split between the State and the defense. There is an additional issue with Nichols, however, that was addressed in the briefs, and that is the plain language of the statute regarding who is entitled to the fee. In this case, as I said, it was the State's attorney appellate prosecutor who handled the case on appeal. The plain language of the statute, however, says, and I'm just going to read it. It's relatively brief. The State's attorney shall be entitled to the following fees for each case of appeal taken from his county or from the county to which a change of venue is taken to his county to the Supreme Court appellate court when prosecuted or defended by him. The plain language of the statute essentially requires that it be the State's attorney and no other party who brings that case on behalf of the State. The court in Nichols, apparently this issue wasn't brought up by the parties, as it wasn't addressed in Nichols, but I think the plain language of the statute clearly shows that it's only applicable in situations where the State's attorney is the party who is actually litigating the appeal or the party who is prosecuting or defending the appeal pursuant to the plain language of the statute. The State has countered this argument by saying that the State's attorney's name was on the brief, and I should say the brief filed in the appellate court, and I should say the State also very subtly kind of recharacterizes the defendant's argument. The State argues that the defendant says that the State's attorney was not involved in the appeal in this incident case. Frankly, I don't know if the State's attorney was involved in the appeal or not. There's certainly nothing in the record that says that he was or he was not. The relevant issue, though, is whether the State's attorney prosecuted or defended this case. Simply having your name on the briefs does not show that you prosecuted or defended the case. It's essentially a ministerial act of adding it on. They were also added to the service list in the case. And so certainly because the State's attorney didn't prosecute or defend the case before this court, Nichols would have to be clarified at the very least to say if this court affirms Nichols and says, yes, it is the precedent that is applicable to this situation, that it only applies when State's attorneys and no other party handles the appeal on behalf of the State. Does it matter that counties contract with the appellate prosecutor's office to handle appeals and pay for that service? I don't believe so, Your Honor. My recollection is that in the State's attorney's appellate prosecutor's act, there is a provision that essentially says nothing contained in this act shall prevent a State's attorney from bringing an appeal or representing his county on appeal.  He wanted to go ahead and litigate this himself, but he chose not to do that. Additionally, the State has made no argument in response to the arguments raised in the defendant's brief that somehow the State's attorney's appellate prosecutor's office is an agent of the State's attorney. There may be a contractual arrangement, I don't know, but specifically to answer your question, there's nothing preventing a State's attorney from handling a case. And I think that's really what this statute is geared at. As Justice Fitzgerald has pointed out, you know, no amendment has been made to this statute in a very long time. And I think the original intent behind this statute was to provide some funding to State's attorneys who litigate claims on behalf of their counties, and that wasn't done here. I should also note that the State's attorney's appellate prosecutor, as Justice Carmeier kind of discussed, is paid out of a special fund in the Illinois Treasury. They're not paid, or I should say, they're not paid from this $50. This $50 goes to the State's attorney. And so it really doesn't make a lot of sense for the State's attorney to receive $50 when there's no information in the record that they did anything regarding this appeal. The fourth and fifth districts have said that a defendant is responsible for paying the fee where there is a split on appeal where the State has prevailed in part and the defendant has prevailed in part. The State's argument, however, takes it one step further. The State's argument is that a defendant is always responsible for paying the $50 fee as long as at the conclusion of his appeal he still remains a convicted defendant. So in a case such as Mr. Williams's, and hypothetically speaking, but let's just say on appeal, the sole issue was the mandatory supervised release. He didn't challenge his convictions. And the State conceded that issue. And therefore, Mr. Williams would have won a judgment in his favor on appeal. According to the State, he in addition would have still had to pay the State's attorney's fee because he would not, even though he would have prevailed on appeal, he would not have received a judgment in his favor. Now, the State gets that because they equate the judgment in favor of a defendant to having his convictions vacated. And again, that's where I believe that the strict construction of the statute is very important because the parties are unable to go past the explicit language or implication of the statute. And that's exactly what the State is doing in this case. They are essentially substituting words that aren't in the statute. And there is really nothing in the statute that suggests that the State's position is correct, that being that in every single appeal where a conviction is maintained, the defendant has to pay the State's attorney's fee. What does judgment mean for the purposes of the statute? The defendant looked at the Illinois Criminal Code, and I know the State has said that that might not be the proper place to look. The Illinois Criminal Code was, the definition was found in the Illinois Criminal Code because especially in light of this being a criminal case where the statute says judgment in favor of the accused, it would be a criminal judgment. So in the Illinois Criminal Code, and again, I'm just going to read, it's a statutory provision in the Criminal Code, a judgment is an adjudication by the court that the defendant is guilty or not guilty. And if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court. But what if the defendant only appealed the MSR? Well, MSR, oh, I'm sorry. And was successful. If the defendant only appealed MSR, he would receive a judgment in his favor. However, it's the State's argument that because his conviction wasn't reversed, he would still have to pay the State's attorney's fee. Now, that's consistent with any sentencing issue or fines and fees that are frequently appealed. Any issue short of the defendant's convictions being outright reversed requires the defendant to pay the State's attorney's fee. The State's attorney's argument, which I'll ask them, but I believe you accurately represented it with respect to whether a conviction lasts. For example, I think you used the situation if you had only raised the MSR issue, then you would have prevailed on the only issue raised. But I think you're right. The State would still say that conviction remained because at the conclusion of prevailing on the one issue that you would raise, the MSR, the judgment line, would read, affirmed as modified and remanded with directions, and the convictions would remain. Correct. They don't raise that out of whole cloth, though, do they? Section 124A5 is what they use. Yes. When a person is convicted of an offense under a statute or a common law, the court shall enter judgment that the offender pay the cost of the prosecution? Yes. And specifically, how do you address 124A5? The plain language of that statute is pretty clearly geared at the trial court. I believe it goes on to say the sheriff shall be entitled to fees for the service of process and issues such as that. So even though I know the State construes that to mean it's equally applicable to appeals, it seems to, by its very terms, limit itself somewhat to a trial court. In addition, there's a fundamental issue here that is something that is hard for me at least to understand, and it does address the State's argument in your point, Justice Thomas, in that this should have never happened. It is the State's duty as kind of the purveyor of justice in the State of Illinois to make sure that convictions are proper and sentences that are imposed are proper. It was the State's duty as much as it was the court's, as much as it was defense counsel's, to point out that Mr. Williams's MSR term was incorrect at the time of sentencing. However, that wasn't done. Until his direct appeal, Mr. Williams, no one came to Mr. Williams to correct his sentence for him. Mr. Williams had to take the initiative and file an appeal challenging this issue. Now, take a case like where the MSR issue is the sole issue on appeal. He appeals that. He gets relief. Something that never should have happened. He should have been sentenced appropriately in the first place. And in addition to having to take that initiative and getting the relief, the State requires him to pay a $50 fee. There's just something that it's just as coming at a cost, and there's something that seems fundamentally unfair about that as well. I'm sorry. Did I interrupt you? No, no. I understand your point with respect to that. But that is only in the case where there's an appeal that's just going on to one issue. Sure, but the State says it really wouldn't matter. I mean, take the example of Mr. Williams just appealing his mandatory supervised release issue. In that case, even if he appealed that issue and he was successful on that, he'd gotten judgment in his favor on appeal. But according to the State, he still has to pay the State's attorney's fee. Again, that's how I'm trying to relate it to your point. What do you cite to? They cite to the statute that I just mentioned with respect to judgment and conviction, and I believe your position is that judgment includes sentencing, right? Correct. And do you cite to anything for that interpretation? That was the statute I just mentioned in response to Justice Burke. That was the statute that says that a judgment includes a conviction, and if a person is convicted, it includes a sentence as well. And because Mr. Williams got sentencing relief in this case, that's how we're making the argument that he prevailed on his appeal and shouldn't have to pay the fee. And, again, it's a strict construction. It has to be interpreted in favor of Mr. Williams. And the position that Mr. Williams is taking is consistent with the statute. He received a judgment in his favor. The position that the State is taking is that you can substitute judgment with convictions, and there are other statutes you can relate back that they think shows that a judgment equals a conviction. But pursuant to the strict construction and the quote that I read from NRA WW that talks about how you can't extend the statute by its natural terms or its implication, I think clearly shows that Mr. Williams's position is fully supported by the applicable precedent, and the State's really isn't. In addition, there's one other policy consideration that just merits a brief mention. There are cases that are litigated all the time. I mentioned them a little earlier. Fines and fee cases, $5 a day cases, sentence credit cases, issues like that may very well slip through the cracks if the State's position is accepted. And the reason is if a defendant were to go to his attorney or if an attorney were to read a record on appeal and see that a $30 street value fine was given to a defendant without any appropriate hearing, it behooves the defendant not to raise that issue if that's going to be his sole issue. Because on one hand, he would be able to appeal a $30 street value fine and get it vacated if there was no hearing. But on the other hand, he's got to pay the State a $50 State's attorney's fee. So he comes out at a net loss of $20. I realize that $20 isn't that big of a deal, but in terms of this Court's, one of this Court's duties to ensure that there is uniform precedent across the State, it may very well result in some jurisdictions interpreting these little fines and fee cases and street value fine cases and cases like that differently. And it could, those issues just could fall through the cracks here. If there are no further questions. Thank you very much. Mr. Redfern. Good morning, Your Honors. And may it please the Court, my name is Charles Redfern. I'm from the Office of the Illinois Attorney General, here today on behalf of the people of the State of Illinois. First, to start with Nichols, Your Honors are correct, Nichols is the controlling precedent, and Nichols has been the precedent for 31 years from this Court.  And this Court's case law subsequent to Nichols has been consistent with Nichols. I also wish to point out, or I'd like to point out first, specifically it's 71 Illinois 2nd at 173, which is in Nichols. In Nichols, it considered the point that the defendant said that it did not. Specifically, Nichols did point out that the defendant correctly notes that the allowance and recovery costs being unknown in common law rests entirely upon the statutory provisions, which must be strictly construed. So that concern of strict construence of these provisions was in Nichols. That's the only argument that he presented, saying that it wasn't in Nichols. So this Court did consider the idea of strict construence, and in fact Nichols cites a case going back to 1910, Galpin v. City of Chicago. So Nichols is the controlling precedent. Mr. Redfern, it is the State's position, isn't it, that the defendant would have to pay the fee if he had raised solely the MSR issue? Yes. And it is worth, at the outset, noting that that would be a different case. Obviously, to answer Your Honor's hypothetical, he would be responsible, but at least to make a complete point here, in this case he lost his three major issues. He challenged his sentence. He challenged the one-act one-crime application. He challenged the admission of evidence, and he challenged a jury instruction. So in this case, he lost the majority of his claims. But in the situation of a defendant who would have only brought one claim of the MSR, that defendant, under the plain language of the statutes, would be responsible, and that is Section 124, 725 ILCS 124A-5. And would that be your answer to what was somewhat the public policy argument made, that if there is only an MSR that they're proceeding on and he prevails on that, he gets the double whammy of the state having had an obligation below and not collecting a fee above? I don't think there's a double whammy here, Your Honor. First, the fee is meant to compensate the taxpayers who are required to incur costs for the prosecution. It is absolutely correct that the state has a duty to do justice, but it also costs money to bring prosecutions. When the defendant took his criminal actions, you know, when he came home at 3 in the morning and kicked down the door and held a knife to his girlfriend's throat, that not only created a criminal proceeding, but it also imposed a financial burden on the taxpayers who now have to go forth and fund prosecutors who have to go and prosecute the defendant. Things cost money. And so prosecutors cost money. The taxpayers had to incur that financial burden. And the idea here is not to deter him or to give him a whammy, to use Your Honor's phrase, it is simply to look back to him to say his conduct imposed a financial burden upon the county because we have to pay for prosecutors, and to have him pay some of that fee. And not only is he paying, he said, well, I'm the only one paying here. The county and the state certainly has more expenses than $50. I don't know, you know, prosecutors aren't paid that much, but, you know, I think $50 probably doesn't cover the whole expense that the county had on this appeal. And so when he says, well, he has to pay to ring the appeal, no, what he's doing is he is compensating the county for some of the costs that the county had to incur here. I know you're prepared to address the whole SAP issue. And I just have two specific questions that maybe you can dovetail into it. On the issue of whether the fee applies if SAP handles the appeal, what do you believe is the meaning of the language, quote, when prosecuted or defended by him, which was raised by Mr. Wilson, and does your interpretation render that language superfluous? First, if I may, just to be judicious here, I do want to point out that this argument, all the SAP arguments were forfeited. He did not raise any of these arguments in the appellate court, even though he had the opportunity to do so through waiver. It was not in his PLA. He says that he raised a plain language argument. However, his plain language argument only went to judgment in favor of the accused. Additionally, the first time he raised in his opening brief in this court, his only argument was about SAP and was not specifically about his argument was when SAP is involved, then the fee is not proper. Then in his reply brief, he brings a new argument, which we don't believe is responding to us, but, in fact, is a new argument brought in reply of going to the state's attorney getting to your Honor's question about the state's attorney must personally prosecute. And that, so we think there is a forfeiture under Rule 315 for failure to bring at the appellate, preserve at the appellate court in the PLA. And then on top of that, there is an additional forfeiture under 341H7 in terms of bringing new arguments in the reply brief. But to answer your Honor's question on the merits, the state's attorney is the lead counsel in this case. Not only is his name on the brief, but his name is the first name on the brief. Under the SAP statute, the SAP works under 725 ILCS 210-4-01 at the request and the direction of the state's attorney. And it says request and direction of the state's attorney. The state's attorney has the ability to review and approve. Additionally, I think. Is that what he did, Mr. Yoder? Mr. Yoder, his name was on the brief, right? Yes. It's the first name listed on the brief. And I understand. Can you detail for the court what work he did in defending this appeal? The record does not tell us what work Mr. Yoder did, because this issue was not brought forth or developed at the appellate court level. Outside of the record, to make sure that I leave no stone unturned, I had a phone conversation with Mr. Yoder. And he told me, and again, this is outside of the record, so I would caution your Honor's, but I spoke with Mr. Yoder. And to represent his practice is that every brief at some point will go through his office and be reviewed, and ultimately he has the final say-so. That is his position, that he has the final say-so. Whether he actually, he did not recall whether he actually reviewed this brief in this case. It could have been someone else. But at the end of the day, Mr. Yoder is the final decision-maker on the authority in the way that the structure under SAP, and specifically under 210-4-01. The state's attorney has directs and control, or excuse me, requests and directs how SAP performs. And in turn, SAP charges the state's attorney for the work under 725-ILCS-210-9. Thank you. Counsel, I hate to persist in this argument, and you make a fine response, but if in truth the facts of this case was the state appellate defender handled the appeal period and there weren't these other bridges into the state's attorney's office, would that state appellate defender be entitled to $50 state's attorney's fee? In your honors hypothetical, it would be a situation where- My hypothetical effects are as the argument made them. Sorry, that's the- As the defense made the argument. And our position is the defense argument does not reflect the facts. I understand that. I'm just asking the question, is the statement that the state's attorney must be the one who qualifies under the act and not the state appellate defender? The state's, your honor, yes. Not to dodge the question, yes. The plain language of the statute says state's attorney. However, the fact that SAP worked for under the direction and control of SAP, SAP worked for the state's attorney. And to answer your honor's hypothetical, as I'm understanding, that's why I want to be clear, I understand it, is a situation where SAP is by itself, and SAP is not working at the direct and the request of the state's attorney. And there's no forfeiture. What? And there's no forfeiture. And there's no forfeiture. Thank you. Thank you for, yes. And there's no forfeiture. And there's, the prosecuting authority, the individual who has the authority under statute to bring the charge and has the duty to defend the charge in the appellate court is the state's attorney. The state's attorney is the prosecuting official here. So with your honor's question of when the state's attorney is not involved, so I would say your honor would have to have a situation in which the state's attorney completely dropped out and somehow SAP had an independent authority to bring the charge. Going to another point, getting to what was a colloquy with Justice Thomas about Section 124A-5, that is a very important part here. As this Court said in Nichols, as well as Agnew and Inree, the Court reads both statutes, both Section 124A-5 as well as Section 2002. Inree WW, which was a juvenile case, this Court held that 2002 was not an independent authority for, not an independent source for the fee. And it pointed out that in the Juvenile Act there is no independent authority allowed for a fee like in Section 124A-5. And so there absolutely has to be some type of authority, as your honor was speaking about, of 124A-5. The statutory scheme creates a general rule that a defendant is responsible for the costs of prosecution upon the time of conviction. The judgment question of judgment in favor of the accused is a situation where the conviction has been overturned and therefore there is no longer this responsibility. Also to pick up with your honor's question about what is judgment, judgment is the appellate court decision. And we say the decision of PSL Realty, which says that there is a difference between an appellate court and a trial court judgment. And in the plain language of 2002, it says judgment of the accused in the appellate or Supreme Court. So it is specifically talking about an appellate or Supreme Court judgment. This Court has its own judgment, which is separate and distinct from the judgment of conviction. So these are two separate things that are going on here. Additionally, the defendant spoke of a split among the districts. The 2nd District with Jeff Smith, the People v. Jeff Smith. There are several Smith cases floating through this case here. People v. Jeff Smith from the 2nd District, People v. Sammy Smith from the 5th District. Jeff Smith, which is the only line of cases that supports the defendant position, came after Nichols, and yet Jeff Smith does not cite to or consider Nichols. So it is an outlier line of decisions. As People v. Sammy Smith spoke of, Jeff Smith failed to consider the Nichols rule. And in fact, Jeff Smith comes up with this rule with no citation to authority and no support for it. Additionally, following on the Smith trend here, there is another Smith case, People v. Serena Smith, which is from the 1st District. The defendant cites that for the first time in this reply brief, so again, that gets to a forfeiture. But also in that case, that goes to the question of whether the state's attorney must be personally involved. In that case, respectfully, he misread, we think it was read for a different proposition. In that case, it went to the question of whether the fee was available for a habeas corpus action. And there, the statute requires an actual hearing. So there must be a court hearing under the fee. And so the fee wasn't required because there wasn't an in-court hearing on the habeas corpus action. And that is why it did not occur, not because of a level of the state's attorney appearing or not. So that is, the case stands on a different principle. Unless your honors have any additional questions, we would ask the court to affirm the judgment of the appellate court. Thank you. I wanted to address, to begin with, the forfeiture argument put forth by the state regarding the plain language of who is entitled to the fee. The state raised that in their brief, saying that the defendant had forfeited what was essentially argument two, which was citing the plain language regarding the state's attorney being entitled to the fee and them only being entitled to the fee. In Enry Rwanda's G, this court said that not having something in a petition for legal appeal wasn't a jurisdictional bar for this court's consideration of that act, or of that argument. It said that this court had jurisdiction to consider that argument. This argument kind of walks hand in hand with the argument that was in the PLA, and the relevant statutory language was cited in the brief of the appellate court. I will agree that this specific argument was not made in the appellate court, but the plain language argument was made in the appellate court, saying there's no authority for much of this. So I would ask that this court consider, pursuant to its precedent of Enry Rwanda's G, that it take this court exercise its discretion, to consider argument two of the defendant's initial brief. However, in the argument of limitation on the parties, not the court, is that what you're referring to? I'm sorry? The limitation is on the parties, not the court. Right, that this court has the jurisdiction to consider, or has the ability to consider those issues, yes. Additionally, he talked about raising arguments for the first time in the reply brief, and I agree, you're not supposed to do that. But what happened in this case, he cited Nichols as his main precedent. I believe that Nichols had a problem, that being that it didn't construe the plain language of the statute regarding the state's attorney being the only person entitled to the fee. When someone cites a statute or someone cites a case in their brief, especially in this case where it's the appellee, I have a right to respond to that argument and point out what I think the problems are with the case or with the statute that they cite. You reject the argument that the state appellate defender in this instance was working for or under the direction of the state's attorney and not subject to the statute? I'm sorry, can you repeat that one more time? I don't know. Do you reject the argument that the state appellate defender was working under the direction of the state's attorney and therefore subject to the statute in the same manner as the state's attorney? The state appellate defender was working for the defendant in this case in bringing the action. It didn't mean employed, under the direction of. That's at least what was argued during. To my knowledge, the state appellate defender doesn't work under the state's attorney. Is that what you're asking? No, I think that's I'm trying to quote what was the state's argument on this issue, that the state appellate defender does not come in solely on his own. It comes in under the auspices of the state's attorney's office. The state appellate defender is appointed by the court when someone has elected to take an appeal and that person is indigent and cannot afford to hire appellate counsel. I meant the state prosecutor. Isn't that what we were talking about? State appellate prosecutor? Oh, you want to know if the state appellate prosecutor works for the state's attorney? No, no, no, no. Works under the auspices. Works under the direction of the state's attorney. They might very well work under the direction, I don't know. Again, I did not have a conversation with Mr. Yoder. I don't know what his role is with this case. And that's the problem, isn't it? That's the problem with us ignoring a forfeiture issue. Because the state was pretty forthright in saying if there really wasn't the relationship with the state's attorney, the plain reading would indicate that you can't get the $50. That's correct. I had to ask Mr. Redfern what happened. And again, he said it's outside the record. That's correct. But here's what happened. He reviews everything. His office reviews everything. He's ultimately responsible. So for this court to make a determination on that issue, if we were to agree with you that there had to be involvement, we would necessarily have to look outside of the record. Where if it was raised at the first instance, either in the appellate court or in the PLA or whatever the situation was, I'm sure in that particular instance there would have been made some effort. Actually, if it was raised in the appellate court, there obviously would have been something. They would have tried to come up with something to have a record on this. So now we're left with do we go outside of the record to try to rule on this in trying to, you know, overlook forfeiture? I don't know. I think it's problematic. Well, I have two responses to that. The state's attorney appellate prosecutor in their brief when they petitioned the court for the imposition of the $50 fee just said in pursuit of the statute we would like the $50 fee. There was absolutely nothing in their brief saying because Mr. Yoder has assisted in the prosecution and defense of this case, we ask for the $50 fee. But he was on the brief. What's that? Well, I do have that act with me. And an additional provision in response to his argument is that nothing herein shall be construed to abrogate or diminish the rights of state's attorneys to prosecute appeals in any case. The act itself uses the word prosecute. It's an act. It's a verb. It's something that you do. It doesn't say nothing diminishes the state's attorney's right to have his name on the brief. Clearly, by the plain language of the statute, the legislature intended for the state's attorney to be the one who prosecutes or defends, who brings the case to the appellate court. So you're saying even given what was said here today, if the ultimate responsibility of review was Mr. Yoder, that would be not enough in prosecuting the appeal? I would say yes. Because, after all, it's the state's attorney appellate prosecutor who is the one that's filing the appeal. The statute doesn't say where the state's attorney has assisted the state's attorney appellate prosecutor in preparing the brief or where they have had discussions on their telephone regarding the brief. The state's attorney would actually have to argue. They would have to file a brief. Yeah, argue being filing a brief. What about in a case like the Second District, which I know best, that the chances, at least until very recently, of getting an argument were slim? Would being on the brief be enough then if you had the ultimate responsibility of what was asserted in the brief? If he is the one that is signing the brief and, therefore, arguing through his brief, then I would agree that that would be sufficient. Again, I would just point the court to the strict construction. Actually, I did want to mention, counsel is correct, Nichols did discuss strict construction. What I was speaking about earlier regarding Nichols' interpretation of the strict construction is they never really, they mention the rule, they never really say that it has to be construed in favor of Mr. Nichols. And that's where I think Nichols has a problem. I think that's Nichols' Achilles heel. Because these were not new in the common law. They need to be strictly construed in favor of the defendant. And in Nichols, I would have expected, if the court had interpreted the strict construction rule, for Nichols to have said something like, construed in favor of Mr. Nichols, we find, and go on with their conclusion from there. But Nichols never does that. And so while Nichols does mention the rule of strict construction, it doesn't apply the rule. And it seems like it's imperative that the rule be applied. Specifically in this case, where the state, and I don't know that the counsel responded to the argument, the state essentially is asking for an extension of the plain language of the statute. The plain language being judgment in favor of the accused, meaning convictions were sustained. That isn't what the statute said. And as I mentioned at the outset with the opening argument, the relative rule regarding the strict construction is that you would look at the plain language of the statute or the clear implication on the face of the statute. And that doesn't support the state's position. It supports the defendant's position because he has received a judgment in his favor, that being the MSR. And I would hope that defendants who take the initiative, who file appeals to get relief for something that shouldn't have happened in the first place. And I realize Mr. Williams committed a criminal act. He was sentenced for that. I don't have it in front of me, but my guess is somewhere in the record it talks about fines and fees that were given to him for sheriff's fees and document storage fees and things that were imposed in the trial court. I don't know if he's paid that or not. It certainly, I would guess, has been given to him. However, when a defendant appeals something, receives relief for that, something that the state's attorney should have caught in the first place, there seems to be something fundamentally flawed with also requiring to pay a $50 fee. So for those reasons and the reasons set forth in the briefs, I would ask that this court vacate the imposition of the $50 state's attorney's fee. Thank you.